**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| A.S., as parent and guardian of<br>JANE DOE,[1] a Minor<br><br>c/o Friedman Nemecek Long & Grant, LLC<br>1360 E. 9th Street, Suite 650<br>Cleveland, Ohio 44114<br><br><br>Plaintiff,<br><br><br>vs.<br><br>~~MAPLETON LOCAL SCHOOL DISTRICT~~<br>~~635 County Road 801,~~<br>~~Ashland, Ohio 44805,~~<br><br>~~and~~<br><br>~~MAPLETON LOCAL SCHOOL DISTRICT~~<br>~~BOARD OF EDUCATION~~<br>~~635 County Road 801,~~<br>~~Ashland, Ohio 44805,~~<br><br>~~and~~<br><br>~~SCOTT SMITH, Individually and in his~~<br>~~official capacity as Superintendent~~<br>~~635 County Road 801,~~<br>~~Ashland, Ohio 44805,~~<br><br>~~and~~<br><br>~~COREY KLINE, Individually and in his official~~<br>~~capacity as Principal of Mapleton High School~~<br>~~635 County Road 801,~~<br>~~Ashland, Ohio 44805,~~ | CASE NO.: 1:24-cv-00756-JPC<br><br>JUDGE: J. PHILIP CALABRESE<br><br><br><br>~~COMPLAINT WITH~~**FIRST AMENDED COMPLAINT WITH**<br>**JURY DEMAND** |

---

[1] To protect her privacy as a victim, Plaintiff is filing under a pseudonym and omitting her home address from this Complaint. Her name is known to Defendant and the Court. She can be reached through undersigned counsel.

1

| | |
|---|---|
| ~~and~~ _____ | ) |
| _____ | ) |
| ~~BLACK RIVER LOCAL SCHOOL DISTRICT~~ | ) |
| ~~257 County Rd. 40,~~ | ) |
| ~~Sullivan, Ohio 44880,~~ | ) |
| | |
| ~~and~~ _____ | ) |
| _____ | ) |
| BLACK RIVER LOCAL SCHOOL DISTRICT | ) |
| BOARD OF EDUCATION | ) |
| 257 County Rd. 40, | ) |
| Sullivan, Ohio 44880, | ) |
| | ) |
| and | ) |
| | ) |
| ~~ROBERT CLARICO~~TED GORDON, Individually and in his ) |
| official capacity as Athletic Director of Black River | ) |
| Local School District | ) |
| 257 County Rd. 40, | ) |
| Sullivan, Ohio 44880, | ) |
| | ) |
| and | ) |
| | ) |
| COURTNEY DIETER, Individually and in her | ) |
| official capacity as Head Coach of the Black River | ) |
| Girls Track and Field Team | ) |
| 257 County Rd. 40, | ) |
| Sullivan, Ohio 44880, | ) |
| | ) |
| and | ) |
| | ) |
| JOHN ROES 1-5[2], | ) |
| individually and in their official capacities, | ) |
| | ) |
| Defendants. | ) |

Now comes Plaintiff, A.S., as Parent and Legal Guardian of Jane Doe, a minor, (hereinafter

"Plaintiff"), by and through undersigned counsel, and for her Complaint against ~~Mapleton Local~~

~~School District ("Mapleton"), Mapleton Local School District Board of Education ("Mapleton BOE"), Scott Smith, Corey Kline (hereinafter "Mapleton Defendants"),~~ Black River Local School

---

[2] Representing potential employee and/or agents for ~~Mapleton Local School District and/or~~ Black River Local School District.

2

~~District ("Black River"),~~ Black River Local School District Board of Education ("Black River BOE"), ~~Robert Clarico~~Ted Gordon, Courtney Dieter (hereinafter "Black River Defendants"), and John Roes 1-5 (collectively referred to as "Defendants"), states as follows:

## THE PARTIES

1. Plaintiff is an individual who resides in Medina County, Ohio.

2. ~~Defendant Mapleton is, and was at all relevant times herein, a public-school district incorporated under the laws of the State of Ohio, located in Ashland County, Ohio.~~

3. ~~Defendant Mapleton BOE is the governing body for Mapleton.~~

4. ~~At all material times, Defendant Scott Smith, in his official capacity as Superintendent of Mapleton Local School District, was an agent and/or employee of Mapleton, acting or failing to act within the scope, course, and authority of his employment and/or agency and within the scope, course, and authority of his employer and/or agency.~~

5. ~~At all material times, Defendant Corey Kline in his official capacity as Principal of Mapleton High School, was an agent and/or employee of Mapleton, acting or failing to act within the scope, course, and authority of his employment and/or agency and within the scope, course, and authority of his employer and/or agency.~~

2. Defendant Black River is, and was at all relevant times herein, a public-school district incorporated under the laws of the State of Ohio, located in Ashland County, Ohio.

3. Defendant Black River Board of Education is, and was at all relevant times, the governing body for Black River Local School District. Pursuant to R.C. § 3313.17, "the board of education of each school district shall be a body politic and corporate, and, as such, capable of suing and being sued."

~~6.~~

7. ~~Defendant Black River BOE is the governing body for Black River.~~

3

8.4. At all material times, Defendant ~~Robert Clarico~~ Ted Gordon, in his official capacity as Athletic Director of Black River Local School District, was an agent and/or employee of Black River, acting or failing to act within the scope, course, and authority of his employment and/or agency and within the scope, course, and authority of his employer and/or agency.

9.5. As Athletic Director, Defendant ~~Clarico~~ Gordon is responsible for overseeing all aspects of Black River athletics, including the safety of the student athletes.

River athletics, including the safety of the student athletes.

10.6. At all material times, Defendant Courtney Dieter, in her official capacity as Head Coach of Black River's Girls Track and Field Team, was an agent and/or employee of Black River, acting or failing to act within the scope, course, and authority of her employment and/or agency and within the scope, course, and authority of her employer and/or agency.

11.7. At all material times, John Roes 1-5, in their official capacities, were agents and/or employees of ~~Mapleton and/or~~ Black River, acting or failing to act within the scope, course, and authority of their employment and within the scope, course, and authority of their employer.

## JURISDICTION AND VENUE

~~12.~~ 8. Jurisdiction over the federal civil rights claims is conferred on this Court by 28 U.S.C. §§ 1331 and 1343(3) and (4). Jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367(a).

~~13.~~ 9. Venue is proper in the Northern District of Ohio, pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions on which the claims asserted herein are based occurred in this District.

4

## GENERAL FACTS

10. During the 2021-2022 academic school year, Jane Doe was a freshman enrolled at Black River Local School District.

11. At all relevant times, Jane Doe was a member of the Black River High School track and field team.

12. On April 29, 2022, Jane Doe and the Black River High School track and field team attended and participated in a track and field meet hosted by Mapleton Local School District.

13. The track and field meet was held on the grounds of Mapleton High School.

14. Upon arrival, Mapleton officials instructed the participating schools, including Black River, to set up tents outside of and surrounding the track.

15. The purpose of these tents was to serve as make-shift locker rooms.

16. These tents were located away from the competition, in an area with no supervision or other security, and minimal lighting.

17. The lack of lighting created a physical defect on the premises, that combined with the lack of any supervision or security created a danger to the health and safety of Plaintiff.

21. The lack of lighting was known to Mapleton at all relevant times.

18. Near the conclusion of the track meet, Jane Doe finished her last event for the evening. By this time, it was nighttime and had been raining. Jane Doe's track uniform was wet.

19. After finishing her last event, Defendant Dieter instructed Plaintiff to walk to Black River's tent and change out of her wet track uniform.

5

~~24.~~20. Defendant Dieter did not provide Plaintiff with an escort or any other security measure.

~~25.~~21. Jane Doe walked to Black River's tent alone to change clothes.

~~26.~~22. When she entered Black River's tent, unbeknownst to her, two male students from another school district followed her in and sexually assaulted her.

~~27.~~23. Despite Jane Doe's screams for help, no one came to her rescue.

~~28. The lack of lighting created a defect on the physical grounds of Mapleton. This defect caused Plaintiff's injuries and thus, Defendants are not entitled to immunity pursuant to O.R.C. § 2744.02(B)(4).~~

## FIRST CAUSE OF ACTION – VIOLATION OF 42 U.S.C. § 1983 – STATE CREATED DANGER

~~30.~~ 24. Plaintiff incorporates all previous paragraphs and allegation as if fully rewritten and replead herein and further states as follows.

~~31.~~ 25. Defendants have, under color of law, deprived Jane Doe of rights, privileges, and immunities secured to her by the United States Constitution including the right to due process under the Fourteenth Amendment, and specifically the right to be free from affirmative actions directly increasing Jane Doe's vulnerability or otherwise placing her in danger and taking away from her parents their ability to protect her.

~~32. Mapleton Defendants acted with deliberate indifference when they instructed Black River to place a tent to serve as a makeshift locker room in an area that had no security cameras, no security or supervision, and inadequate lighting. Such acts placed Plaintiff in danger.~~

~~33.~~ 26. Black River Defendants acted with deliberate indifference when they instructed Plaintiff to walk alone and in the dark to Black River's tent to change clothes. Such acts placed Plaintiff in danger.

6

~~34.~~ 27. Defendants' denial of Plaintiff's constitutional rights caused Plaintiff pain and suffering, including, but not limited to, humiliation, depression, educational impacts, anxiety, and fear.

~~35.~~ 28. As a direct and proximate result of Defendants' actions Plaintiff suffered damages and continue to suffer damages for which Defendants are liable.

## SECOND CAUSE OF ACTION – VIOLATION OF 42 U.S.C. § 1983 – SPECIAL RELATIONSHIP

~~36.~~ 29. Plaintiff incorporates all previous paragraphs and allegation as if fully rewritten and replead herein and further states as follows.

~~37.~~ 30. Defendants have, under the color of law, deprived Jane Doe of rights, privileges, and immunities secured to her by the United States Constitution including the right to due process under the Fourteenth Amendment, and specifically the right to be kept safe when a special relationship has been created and by taking away her parents' ability to protect her.

~~38. Mapleton Defendants' actions put Jane Doe at risk and caused her to suffer greatly. Mapleton Defendants acted with deliberate indifference when they instructed Black River to place a tent to serve as a makeshift locker room in an area that had no security cameras, no security, and inadequate lighting.~~

~~39.~~ 31. Black River Defendants' actions put Jane Doe at risk and caused her to suffer greatly. Black River Defendants acted with deliberate indifference when they instructed Plaintiff to walk alone and in the dark to Black River's tent to change clothes.

~~40.~~ 32. Defendants' denial of Plaintiff's constitutional rights caused Plaintiff pain and suffering, including, but not limited to, humiliation, depression, educational impacts, anxiety, and fear.

7

41. 33. As a direct and proximate result of Defendants' actions Plaintiff suffered damages and

continue to suffer damages for which Defendants are liable.

### THIRD CAUSE OF ACTION – NEGLIGENCE

42. 34. Plaintiff incorporates all previous paragraphs and allegation as if fully rewritten and replead herein and further states as follows.

43. 35. All Defendants had a duty to protect Plaintiff from the sexual assault she suffered on the campus of Mapleton High School.

44. 36. All Defendants had an affirmative duty to ensure that Plaintiff and other student-athletes were safe from dangers, such as assaults, while participating at the track meet hosted by

Mapleton High School.

45. 37. All Defendants had an affirmative duty to ensure that Mapleton High School grounds contained no defects, such as avoiding areas that were not supervised or well-lit.

46. 38. All Defendants breached their duties described in the paragraphs above and were negligent.

47. 39. Defendants' negligence caused Plaintiff pain and suffering, including, but not limited to, humiliation, depression, educational impacts, anxiety, and fear.

48. 40. As a direct and proximate result of Defendants' negligence, Plaintiff suffered damages and

continue to suffer damages for which Defendants are liable.

### FOURTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

49. 41. Plaintiff incorporates all previous paragraphs and allegation as if fully rewritten and replead herein and further states as follows.

42. Defendants acted intentionally and/or recklessly and knew or should have known that their actions and/or inactions could and/or would result in severe emotional distress to Plaintiff.

43. All Defendants' acts and/or omissions, as described above, were so extreme and outrageous as to exceed the bounds of decency and are completely intolerable in a civilized society.

44. Plaintiff's injuries and psychological injuries proximately resulted from the actions or inactions of all Defendants.

45. Plaintiff has suffered mental anguish that is serious and of a nature that no reasonable person could be expected to endure it.

46. Defendants' acts and/or omissions caused Plaintiff's pain and suffering including, but not

limited to, humiliation, depression, educational impacts, anxiety, and fear.

47. As a direct and proximate result of Defendants' actions and/or inactions, Plaintiffs suffered damages and continue to suffer damages.

## DAMAGES

48. Plaintiff incorporates and restates each of the above paragraphs as if fully written herein.

49. Plaintiff states that as a direct and proximate result of the allegations and claims enumerated above, Plaintiff has incurred, and will continue to incur, severe and permanent injuries, economic loss, mental health and medical care and related expenses, fear and apprehension, loss of enjoyment of life, and other damages.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable by jury.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands that this Court:

A. Award Plaintiff compensatory damages in an amount to be shown at trial;

B. Award Plaintiff punitive damages in an amount to be shown at trial;

C. Award Plaintiff reasonable attorneys' fees, costs, and disbursements;

D. Award Pre and post judgement interest;

~~D.~~   [Formatted: Indent: Left: 0.75", No bullets or numbering]

E. Grant Plaintiff such additional relief as the Court deems just a proper.

*/s/ Eric F. Long*
ERIC F. LONG (0093197)
TYLER J. WALCHANOWICZ (0100115)
FRIEDMAN NEMECEK LONG &
GRANT, L.L.C.
1360 E. 9TH STREET, SUITE 650
CLEVELAND, OHIO 44114  PH.
216.928.7700
efl@fanlegal.com
tjw@fanlegal.com

10