IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| A.S., as Parent and Guardian of Jane Doe, a Minor, | ) Case No. 1:24-cv-00756 |
| Plaintiff, | ) Judge J. Philip Calabrese |
| vs. | ) |
| Black River Local School District Board of Education, *et al.*, | ) |
| Defendants. | ) |

## ANSWER OF DEFENDANTS BLACK RIVER LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, TED GORDON, AND COURTNEY DIETER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

(*Jury Demand Endorsed Hereon*)

Defendants Black River Local School District Board of Education, Ted Gordon, and Courtney Dieter state the following for their Answer to Plaintiff's First Amended Complaint:

1. These Defendants admit that the Black River Local School District Board of Education is a political subdivision under O.R.C. § 2744.01. These Defendants further admit that Defendant Ted Gordon was the former Athletic Director in the Black River Local School District and that Defendant Courtney Dieter was previously the girl's Track Coach at Black River High School. These Defendants otherwise lack sufficient information to either admit or deny the remaining allegations contained in paragraph 1, 2, 3, 4, 5, 6, 7, 8, and 9 of Plaintiff's First Amended Complaint.

2. These Defendants admit that Jane Doe attended Black River High School during the 2021-2022 school year. These Defendants further admit that Jane Doe was a member of the girl's track team at Black River High School during the 2021-2022 school year. These Defendants further admit that the Black River High School girl's track team attended some track meets at Mapleton High School during the 2021-2022 school year. These Defendants otherwise lack sufficient information to either admit or deny the remaining allegations contained in paragraphs 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, and 23 of Plaintiff's First Amended Complaint.

## FIRST CAUSE OF ACTION

3. For their answer to paragraph 24, these Defendants incorporate herein each of their prior answers to paragraphs 1 through 23 of Plaintiff's First Amended Complaint.

4. These Defendants deny the allegations against them contained in paragraphs 25, 26, 27, and 28 of Plaintiff's First Amended Complaint.

## SECOND CAUSE OF ACTION

5. For their answer to paragraph 29, these Defendants incorporate herein each of their prior answers to paragraphs 1 through 28 of Plaintiff's First Amended Complaint.

6. These Defendants deny the allegations against them contained in paragraphs 30, 31, 32, and 33 of Plaintiff's First Amended Complaint.

## THIRD CAUSE OF ACTION

7. For their answer to paragraph 34, these Defendants incorporate herein each of their prior answers to paragraphs 1 through 33 of Plaintiff's First Amended Complaint.

8. These Defendants deny the allegations against them contained in paragraphs 35, 36, 37, 38, 39, and 40 of Plaintiff's First Amended Complaint.

## FOURTH CAUSE OF ACTION

9. For their answer to paragraph 41, these Defendants incorporate herein each of their prior answers to paragraphs 1 through 40 of Plaintiff's First Amended Complaint.

10. These Defendants deny the allegations against them contained in paragraphs 42, 43, 44, 45, 46, 47, 48, and 49 of Plaintiff's First Amended Complaint.

11. These Defendants deny each and every allegation, expressed or implied, which remains unanswered in Plaintiff's First Amended Complaint.

## ADDITIONAL DEFENSES

1. Plaintiff's First Amended Complaint fails to state a cause of action upon which relief can be granted.

2. Service of Process on these Defendants was insufficient.

3. Plaintiff has failed to join necessary and indispensable parties to this litigation.

4. Plaintiff's claims are barred by the doctrines of comparative negligence, contributory negligence, and/or assumption of the risk.

5. Plaintiff's claims are barred by the doctrine of unclean hands.

6. Plaintiff's claims are barred by the doctrines of laches, waiver, release, and estoppel.

7. Plaintiff's claims are barred by the doctrine of equitable estoppel.

8. Plaintiff's claims are barred by O.R.C. §2744 *et seq*.

9. These Defendants are entitled to absolute and/or qualified immunity under Ohio and Federal law.

10. Political subdivisions cannot be liable for punitive damages.

11. The actions of these Defendants fall within an absolute and/or qualified privilege under Ohio and Federal law.

12. Plaintiff has failed to mitigate her damages.

13. Plaintiff's claims are barred by the applicable statute of limitations.

14. Venue in this Court is improper.

15. These Defendants reserve the right to assert additional affirmative defenses as it may be warranted by facts ascertained during discovery.

16. Plaintiff's alleged damages are the proximate result of acts or omissions of other parties not currently joined to this case and against whom these Defendants will seek an allocation of fault at trial.

17. These Defendants reserve the right to withdraw any affirmative defense upon completion of discovery.

WHEREFORE, Defendants Black River Local School District Board of Education, Ted Gordon, and Courtney Dieter, having fully answered, demand judgment upon Plaintiff's First Amended Complaint, plus their costs incurred herein.

Respectfully submitted,

*/s/ Kenneth A. Calderone*
Kenneth A. Calderone (0046860)
Hanna, Campbell & Powell, LLP
3737 Embassy Parkway, Suite 100
Akron, OH 44333
Telephone: (330) 670-7324
Facsimile: (330) 670-7440
Email: *kcalderone@hcplaw.net*
*Attorney for Defendants Black River Local School District Board of Education, Ted Gordon, and Courtney Dieter*

## JURY DEMAND

Defendants Black River Local School District Board of Education, Ted Gordon, and Courtney Dieter, hereby demand a full trial by jury on all issues permitted by law.

      */s/ Kenneth A. Calderone*
      Kenneth A. Calderone (0046860)
      *Attorney for Defendants Black River Local School District Board of Education, Ted Gordon, and Courtney Dieter*

HCP #1366098